IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARK PETERS and <br> AMANDA PETERS <br><br> Plaintiffs, <br><br> VS. <br><br> BANK OF AMERICA CORPORATION <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § Case No. 4:12cv635 <br> § <br> § <br> § <br> § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Bank of America Corporation's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 6). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about February 27, 2007, Plaintiffs Mark Peters and his spouse Amanda Peters executed a Deed of Trust and Promissory Note to the original lender, GreenPoint Mortgage, to purchase real estate located at 11876 Blackhawk Drive, Frisco, Texas 75034 ("the Property"). *See* Dkt. 4 at ¶4. Plaintiffs also took out a second mortgage on the Property through GreenPoint. *Id.* According to Plaintiffs, in September 2007, the first mortgage was sold by Greenpoint to Chase Bank and the second mortgage was sold to Defendant Bank of America. *Id.* at ¶¶ 6-7.

Plaintiffs claim that they attempted to communicate with Defendant Bank of America to request their new account information for the second mortgage, but allege that Defendant's

1

representatives told them that they could not offer them assistance without an account number. *Id.* at ¶ 8. Plaintiffs began receiving delinquency letters from Defendant around December 2007, and Plaintiffs entered into a repayment agreement. *Id.* at ¶ 9.

Defendant alleges that Plaintiffs breached the terms of the Note by failing to timely make their required monthly mortgage payments, and as a result, Defendant accelerated the full amount due and seeks to foreclose on the Property. Plaintiffs allege, however, that over the course of four years, they have repeatedly tried to communicate in person, by phone, and by fax, with Defendant to bring their mortgage account current without successful cooperation. *See id.* at ¶¶ 9-38.

On August 30, 2012, Plaintiffs filed their original complaint against Defendant Bank of America in County Court of Law No. 6 in Collin County, Texas. *See* Dkt. 4. On October 5, 2012, Defendant removed the state court action to this Court. *See* Dkt. 1.

Plaintiffs' original state court petition – the live complaint here – alleges breach of contract, violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Texas Deceptive Trade Practices Act ("DTPA"), and also seeks declaratory and injunctive relief, actual damages, and attorneys' fees. *See* Dkt. 4.

Defendant has filed a motion to dismiss, seeking to dismiss Plaintiffs' claims. *See* Dkt. 6. Defendant contends that Plaintiffs' claims must be dismissed because Plaintiffs defaulted on their contractual obligations, and that Plaintiffs fail to state a claim for violations RESPA and DTPA and therefore are not entitled to injunctive relief. *Id.* Additionally, Defendant argues that Plaintiffs have failed to allege any facts supporting declaratory relief. *Id.* Plaintiffs have filed a response in opposition. *See* Dkt. 8.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

### *Breach of Contract*

The Court first addresses Plaintiffs' breach of contract claim. In addition to incorporating their prior factual allegations, Plaintiffs outline their breach of contract claim in a single sentence, claiming: "[t]o the extent that Bank of America claims the existence of an agreement with Debtor, its conduct as described above constitutes a breach of contract." Dkt. 4 at ¶43. Defendant argues that Plaintiffs' breach of contract is not viable.

In order to establish a breach of contract claim, Plaintiffs must plead facts showing: (1) the existence of a valid contract; (2) performance or tender of performance by Plaintiffs; (3) breach by Defendant; and (4) damages resulting from the breach. *Cadillac Bar West End Real Estate v. Landry's Restaurants, Inc.,* 2013 WL 1721954, 2 (Tex. App. – Dallas 2013, no pet.) (citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. – Dallas 2008, no pet.). Further, in order to properly plead a claim based on breach of the contract, Plaintiffs must point to a specific provision in the contract that was breached by Defendant. *Coleman v. Bank of Am., N.A.*, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (citing *Case Corp. Inc. v. Hi-Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769 – 70 (Tex. App. – Dallas 2005, pet. denied)) (dismissing breach of contract claim for failure to state a claim where "plaintiff points to no specific provision in the Deed of Trust that was breached by defendant").

The Court agrees that Plaintiffs have failed to state a breach of contract claim. Not only do they fail to actually allege the existence of *any* valid contract (but instead argue "to the extent" there is an agreement), they do not identify what provisions were breached or what damages they suffered as a result. The Court finds this is insufficient and does not go beyond mere "labels and conclusions" in pleading a breach of contract claim. *Twombly*, 550 U.S. at 555. Without identification of the provisions breached, the actions constituting breach, or the damages that resulted, a breach of contract claim has not been stated and it should be dismissed.

### *Violations of the Real Estate Settlement and Procedures Act*

Plaintiffs' complaint states that Defendant violated the Real Estate Settlement Procedures Act ("RESPA") by failing to respond to their June 23, 2012 Qualified Written Request ("QWR") pursuant to 12 U.S.C. § 2605(e). Dkt. 4 at ¶¶44-49. Section 2605(e) of RESPA requires loan servicers, upon receipt of a written borrower dispute, to provide a written response to the borrower acknowledging receipt within sixty days (excluding holidays and weekends) unless the action requested is taken within such period. 12 U.S.C. § 2605(e)(1)(A). In its motion to dismiss, Defendant argues that Plaintiffs' June 23, 2013 letter did not constitute a QWR and therefore Plaintiffs have no RESPA claim.

Plaintiffs' petition alleges that they made a "Qualified Written Request ('QWR')" and that Defendant responded to the request. *See* Dkt. 4 at ¶¶ 45- 47. The Court notes that, although they have not specifically identified within the body of the petition the deficiencies of the two-sentence letter response, Plaintiffs have attached the purported QWR and Defendant's letter response to their petition. Defendant seeks dismissal, arguing that the four-page letter does not constitute a QWR

5

"because (1) it completely failed to provide any specific details regarding any specific errors Bank of America allegedly made in servicing their loan; and (2) greatly exceeded the scope of information which must be provided in a response to a QWR." Dkt 6 at ¶17. The Court finds that the matter of whether a particular piece of correspondence constitutes a QWR would be a matter reserved for summary judgment or other evidentiary proceeding.

Plaintiff's allegation that they made a "Qualified Written Request pursuant to § 2605 of the Real Estate Settlement Procedures Act" and attachment of the request is sufficient to state a claim beyond mere labels and conclusions. *See* Dkt. 4 at ¶ 47. The RESPA claim should not be dismissed based on Defendant's argument that the letter does not satisfy the requirements of the statute. Plaintiff has sufficiently stated fact to "raise a right to relief above the speculative level" and into the "realm of plausible liability" as to whether the letter was a QWR. *Twombly*, 550 U.S. at 555, 557 n.5. That claim should remain at this time.

### *Violations of the DTPA*

Next, Plaintiffs allege that Defendant violated Section 17.46(b)(3) of the Texas Deceptive Trade Practices Act. Plaintiffs argue that, as "consumers," they are entitled to recover damages under the DTPA. Dkt. 4 at ¶¶ 50–55. Defendant argues that Plaintiffs' DTPA claim should be dismissed because Plaintiffs cannot qualify as "consumers" under the statute.

The DTPA prohibits entities engaged in commerce from engaging in "false, misleading, or deceptive acts or practices." Tex Bus. & Com. Code § 17.46(a). However, to meet the DTPA standing requirement, a complaining party must plead and prove that he or she is a "consumer" as defined in the DTPA. Tex Bus. & Com. Code § 17.50(a). To qualify as a consumer under the

6

DTPA, (1) the person must have sought or acquired goods or services by purchase or lease and (2) the goods or services purchased or leased must form the basis of the complaint. *Id.* at § 17.45(4); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981).

Therefore, Plaintiffs must have pled sufficient facts to establish their status a "consumers" in order to bring a claim under the DTPA. Generally, loans of money or extensions of credit are not considered "goods" or "services" that can form the basis of a DTPA claim. *Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, 3 (N.D. Tex. 2010) (where party was attempting to only borrow money and not purchase a good or a service, it did not satisfy the requirements for consumer status under the DTPA and therefore failed to state a claim pursuant to the Texas Deceptive Trade Practices Act); *Guardian Life Ins. Co. v. Kinder*, 663 F. Supp.2d 544, 553 (S.D. Tex. 2009); *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558, 567 (Tex. 1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex. 1980); *Maginn v. Norwest Mortgage, Inc.,* 919 S.W.2d 164, 166-67 (Tex. App. – Austin 1996, no writ). However, a party who obtains a loan which is "inextricably intertwined" in the purchase or lease of a good or service may qualify as a consumer. *Knight v. Int'l Harvester Credit Corp.,* 627 S.W.2d 382, 389 (Tex. 1982) (finding that a bank customer qualified as a consumer because he sought financing to purchase a dump truck); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983) (holding that party was a consumer when party's mortgage loan was intertwined with contractor's agreement to build a house); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. – Fort Worth 2007, pet. denied) (the refinance of home equity loan cannot qualify as a good or a service under the DTPA); *Marketic v. U.S. Bank Nat. Ass'n*, 436 F. Supp.2d 842, 855 (N.D. Tex. 2006) (one who obtains a home equity loan does not obtain a "good"

or a "service" to qualify as a consumer under the DTPA).

Here, although they seem to recognize this legal principle in their response (*see* Dkt. 8 at ¶ 26), Plaintiffs have not stated any facts that would show how their loan was inextricably intertwined with the purchase or lease of a good or service. As such, Plaintiffs' complaint fails to state facts sufficient to show they could be treated as consumers under the case law guiding this Court. For this reason, Plaintiff's DTPA claim should also be dismissed.

### *Declaratory & Injunctive Relief*

Because some dispute remains among the parties, Plaintiffs' request for declaratory and injunctive relief remain at this time. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits.").

### RECOMMENDATION

Therefore, Defendant Bank of America Corporation's Motion to Dismiss Plaintiff's Original Complaint (Dkt. 6) should be GRANTED as to Plaintiffs' breach of contract and DTPA claims and DENIED as to Plaintiffs' RESPA claim and claims for declaratory and injunctive relief.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 2nd day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE